**UNITED STATES of America,**
**Appellee,**

v.

**Brian Adedayo ILORI, also known as Brian Aarons, also known as Peter N. Simon, Defendant–Appellant.**

**No. 00–1541.**

United States Court of Appeals, Second Circuit.

Jan. 16, 2001.

Colleen P. Cassidy, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for defendant-appellant.

Joseph V. De Marco, Assistant United States Attorney for the Southern District of New York, for Mary Jo White, United States Attorney for the Southern District of New York; Richard M. Strassberg, Assistant United States Attorney for the Southern District of New York, Of Counsel, for appellee.

Present GRAAFEILAND, WINTER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Appeal from a sentence imposed by the United States District Court for the Southern District of New York (Batts, *J.*) following a plea of guilty to violating the terms of supervised release.

On February 17, 1998, defendant-appellant Brian Adedayo Ilori pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344 and was sentenced to 15 months imprisonment plus 5 years of supervised release, and ordered to pay $30,000 in restitution. Ilori was released from custody and commenced his term of supervised release on December 18, 1998.

On June 19, 2000, Ilori pled guilty to violating the terms of his supervised release by committing the state crimes of unlawful use of credit card, criminal possession, second degree, and possession of a forged instrument, third degree, a Grade B violation of supervised release, and by failing to report his arrest to his probation officer, a Grade C violation of supervised release. U.S.S.G. § 7B1.1 (2000).

Outside of the statutory maximum sentences possible for violating the terms of supervised release, Chapter 7 of the United States Sentencing Guidelines sets forth policy statements that a district court must take into consideration, but is not bound by, in imposing sentence for violations of parole or supervised release. U.S.S.G. § 7B1.4 (2000). Based on Ilori's Criminal History Category I, the policy statements recommend a revocation range for a Grade B violation of supervised release of between 4 to 10 months, and between 3 and 9 months for a Grade C violation of supervised release. U.S.S.G. §§ 7B1.1, 7B1.4. In Ilori's case, the statutory maximum term of imprisonment possible upon revocation of supervised release is not more than 3 years based upon Ilori's original conviction for bank fraud, a Class B felony. 18 U.S.C. § 3583(e)(3).

The district court sentenced Ilori to 24 months imprisonment for violating his supervised release, well below the statutory maximum of 3 years, but above the recommended revocation range of 4 to 10 months for a Grade B violation of supervised release.

On appeal, Ilori argues that the district court's sentence of 24 months imprisonment was "unreasonable" because the sentencing judge did not articulate a particular reason for departing from the recommended revocation range, and that the sentencing judge had established a policy of not departing from the revocation range. We reject both of these arguments.

A sentence imposed for a violation of a supervised release will be affirmed provided that "(1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997) (internal quotation marks omitted). In this case, the sentencing judge explicitly stated that she had "considered the factors set forth in 18 United States Code Section 3583(e) and Section 3553(a)(4) and (5), the applicable sentencing guidelines and policy statements." In addition, the sentence imposed did not exceed the statutory maximum. Finally, as

to the reasonableness of the sentence, the sentencing judge carefully considered the submissions from the defendant and provided ample opportunity for lawyers from both sides and the defendant to present their views. During argument, she demonstrated both her understanding of the case and the reasons for imposing a sentence above the revocation range, repeating a statement she had made upon first sentencing Ilori, that he "has no history of legitimate employment, has been content to be supported by his family and friends, has fathered at least one child, and has been deeply involved in several fraudulent schemes, including counterfeiting, bank fraud, forgery and theft of public funds." In light of these facts, we find that the sentence imposed was reasonable.

Ilori also claims that the sentencing judge had established a general presumption in favor of departing from the revocation range. The record before us does not support this assertion. In sentencing Ilori, the judge stated that *"[o]n the facts of this case,* the Court has determined that it is not bound by the sentencing guidelines and will therefore sentence the defendant within the statutory maximum sentence allowed." (emphasis added) Review of the record demonstrates that the sentencing judge sought and received counsel from both parties before deciding to sentence Ilori outside of the revocation range. Based on these facts, we do not find that Ilori's sentence resulted from a pre-existing policy to sentence outside of the recommended revocation range.

Accordingly, the judgment of the district court is hereby AFFIRMED.